**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2246-24

1150 PATERSON PLANK, LLC,

    Plaintiff-Appellant,

v.

RAJ PATEL a/k/a RAJESHKUMAR M. PATEL,

    Defendant-Respondent,

and

PARUL PATEL and ALEX PROPERTY MANAGEMENT, LLC,

    Defendants/Third-Party Plaintiffs-
    Respondents,

v.

RAJEEV DESAI, MUBARAK I. KATHIYA, ZEENAT K. CHOWDHURY, ALKESH S. PATEL, TAIYAB ALI ZAIDI, PRAKASH N. PATEL, and SANJAY THUMMAR,

    Third-Party Defendants.

_____

Argued May 13, 2026 – Decided July 30, 2026

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2015-21.

Howard B. Leopold argued the cause for appellant (Leopold Law, LLC, attorneys; Howard B. Leopold, on the briefs).

Arthur M. Owens argued the cause for respondents Parul Patel and Alex Property Management LLC (Clark Guldin Attorneys at Law, attorneys; Jonathan T. Guldin and Arthur M. Owens, of counsel and on the brief).

PER CURIAM

1150 Paterson Plank, LLC (PPL) appeals the trial court's order granting summary judgment in favor of defendants Alex Property Management LLC (APM) and Parul Patel, and the court's order denying reconsideration. For the reasons which follow, we affirm.

I.

PPL [1] contracted with APM and Parul [2] to invest in APM's realty development project. In return, PPL would receive 50% interest in APM and a

---

[1] PPL is a limited liability company doing business in New Jersey. PPL's members include third-party defendants Taiyab Zaidi, Rajeev Desai, Mubarak

split of the profits after the properties were developed and sold. Raj and Parul Patel are husband and wife and members of APM. Parul was personally named in the development contract as a party to the agreement, and Raj was designated as the project manager. No one disputes that the contract was breached. They dispute who breached it. PPL contends that APM and Parul breached by not developing the properties as agreed and selling them without authorization, while retaining 100% of the profits. Defendants contend PPL breached by not investing fully to cover development costs and other expenses, forcing the sale and resulting in significant losses.

The parties entered into a settlement agreement to resolve any and all claims related to the contract for development and sale of the properties. The settlement agreement provided: APM and PPL acknowledge that PPL paid Raj $615,000 in accordance with the development contract; Raj, APM, and APM's members obtain a general release from liability from PPL for any claims arising from the contract dispute; Raj pay PPL $540,000 in five installments from November 30, 2020 to March 31, 2021; and PPL would be permitted to

Kathiya, Zeenat Chowdhury, Alkesh Patel, Prakash N. Patel, and Sanjay Thummary.

[2] Because defendants share a surname, we shall refer to them by their first names for ease of reference. We intend no offense.

seek relief against Raj, "and nobody else," for "missing payments" in the event of any default on the installments. Raj defaulted after paying the first installment.

In 2021 PPL sued defendants for breach of contract and related claims, also alleging book account, unjust enrichment, recklessness, breach of the implied covenant of good faith and fair dealing, civil conspiracy, tortious interference with prospective economic benefit, fraudulent inducement, piercing the corporate veil of APM, negligence, and breach of fiduciary duty, requesting compensatory and punitive damages. PPL also contended APM and Parul were not released from liability because Raj did not pay the entirety of the debt owed.

APM and Parul moved to dismiss the complaint. In January 2022, the trial court granted the motion in part, permitting nine of twelve counts in the complaint to proceed. PPL's claims of fraud and recklessness were dismissed for both APM and Parul, while PPL's claim of tortious interference was dismissed as to APM only. The trial court found there was a possibility that PPL lost the benefit of its bargain, as the release from liability could be viewed as contingent on the full reimbursement of funds from Raj.

4

PPL filed an amended complaint in February 2022. Raj, Parul, and APM filed a counterclaim and third-party complaint seeking a declaratory judgment to enforce the settlement agreement, and alleging breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, fraud and/or intentional misrepresentation, aiding and abetting fraud, civil conspiracy, negligent misrepresentation, and piercing the corporate veil against PPL and third-party defendants.

APM and Parul ultimately moved for summary judgment. On September 11, 2024, the trial court granted the motion, finding that the settlement agreement was valid and enforceable. The trial court found summary judgment appropriate, as the settlement agreement stipulated PPL released APM and Parul from liability and Raj was the only party to be held liable in the event of default.

On September 27, 2024, PPL and third-party defendants sought reconsideration. The trial court denied the motion, finding the settlement agreement explicitly stated PPL's only recourse was against Raj and "nobody else." The court entered a second order on December 6, 2024, dismissing APM and Parul's counterclaims without prejudice. The court later entered an order dismissing Raj's counterclaims with prejudice.

A-2246-24

On February 19, 2025, the court entered a consent judgment in PPL's favor requiring Raj to pay the remaining $390,000 balance from the settlement agreement, plus $20,000 in pre-judgment interest.

PPL appeals the trial court's September 11, 2024 order granting summary judgment for APM and Parul and the December 6, 2024 order denying reconsideration.

II.

"We review a trial court's grant of summary judgment de novo." Christakos v. Boyadjis, 262 N.J. 447, 467 (2026) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). We view the evidence in the light most favorable to the non-moving party to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. N.J. Coal. of Auto. Retailers, Inc. v. Ford Motor Co., 261 N.J. 348, 357-58 (2025); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). "The 'judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Ibid. (alteration in original) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986)).

We review a trial court's grant or denial of a motion for reconsideration under Rule 4:49-2 for abuse of discretion.  Branch, 244 N.J. at 582.  Abuse of discretion occurs when the trial court makes its decision "without rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis."  Kornbleuth v. Westover, 241 N.J. 289, 300-01 (2020) (alterations in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

## III.

PPL argues Raj breached the settlement agreement rendering the release term unenforceable.  We are unpersuaded.

## A.

"[C]ourts cannot make contracts for parties.  They can only enforce the contracts which the parties themselves have made."  McMahon v. City of Newark, 195 N.J. 526, 545 (2008) (quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)).  "[W]hen the terms of [a] contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties . . . ."  Id. at 545-46 (second alteration in original) (quoting Kampf, 33 N.J. at 43); see also Lahoud v. Anthony & Sylvan Corp., 481 N.J. Super. 29, 47 (App. Div. 2025).  When a party to a contract breaches a

A-2246-24

material term, the other party may elect to terminate the agreement.  Ingrassia Const. Co. v. Vernon Twp. Bd. of Educ., 345 N.J. Super. 130, 136-37 (App. Div. 2001).  However, when those parties include remedies for breach of that agreement, they must abide by the remedies bargained for.  State v. Int'l Fed'n of Pro. & Tech. Eng'rs, Local 195, 169 N.J. 505, 520 (2001); Marchak v. Claridge Commons, 134 N.J. 275, 281 (1993).

Paragraph 1 of the settlement agreement states:

> PP[L] hereby covenants not to sue and fully, finally and irrevocably releases, acquits, and forever discharges [Raj] Patel, and APM and any of APM's members . . . from and with respect to any and all demands, actions, causes of action, liabilities, obligations, damages, suits, . . . and claims of any and every kind . . . directly or indirectly arising out of the events, occurrences or actions detailed, alleged, specified, set forth or inferred.
>
> Should there be a default in payment of any installment as set forth in Paragraph 4 . . . , PP[L]'s sole remedy shall be against [Raj] Patel for the missing payment(s) and nobody else.

[(Emphasis added).]

We conclude the settlement agreement and its terms are valid and enforceable.  Paragraph 1 includes a promise by PPL to release APM, its members and Raj from any and all claims pertaining to the original contract dispute in exchange for Raj's promise to pay PPL $540,000 pursuant to the

schedule, satisfying consideration. While it is undisputed that Raj did not complete the payments as scheduled, this fact does not negate the consideration offered by both parties to make the settlement agreement enforceable on its terms.

Despite PPL's contention that it never intended to release APM and Parul if not fully reimbursed, the clear language in their settlement agreement leads to a different conclusion. The remedy agreed to by the parties did not include the opportunity to reinstate claims against APM or Parul. The settlement agreement was expressly limited to recovery against Raj individually. Because the relevant contract terms are unambiguous, we are guided by our well-settled contract principles, which leave similarly situated parties to agree to terms at will without our interference. Stelluti v. Casapenn Enters., LLC, 203 N.J. 286, 302 (2010). PPL cannot now expand its opportunities for recovery by changing the parties against whom they agreed to pursue recovery. Int'l Fed'n of Pro. and Tech. Eng'rs, 169 N.J. at 520. We conclude, on de novo review, that there exists no genuine issue of material fact for a trier of fact to resolve.

The trial court correctly found no genuine issue of material fact existed and properly granted APM's and Parul's motion for summary judgment.

9

B.

We turn to reconsideration.

PPL argues the trial court abused its discretion when denying reconsideration because it presented genuine issues of material fact to defeat APM and Parul's motion for summary judgment on several counts. We disagree.

"A motion for reconsideration is meant to 'seek review of an order based on the evidence before the court on the initial motion.'" Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (quoting Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)). Reconsideration should only be granted when "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . ." Ibid. (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). "The magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Id. at 466-67 (quoting Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010)).

10

PPL contends it proffered sufficient evidence to defeat summary judgment on its claims of fraudulent conduct and unclean hands, unjust enrichment, piercing the corporate veil, breach of contract, breach of fiduciary duty, breach of covenant of good faith and fair dealing, and conspiracy. The arguments and proofs which it offered relative to these claims pertain to the original contract dispute, not to the settlement agreement at issue. APM and Parul were granted summary judgment because there was no genuine issue of material fact surrounding their release from any and all claims arising out of the property development project, not because of any alleged unlawful conduct from the property development project. As the trial court found, PPL provided no new evidence to evaluate on reconsideration. PPL points to no palpably incorrect nor irrational basis for denying reconsideration. The denial of reconsideration was appropriate on this record.

To the extent we have not addressed any of PPL's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(e).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

11